UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEITH ROBERTSON JR.,

                     Plaintiff,

                -against-                    **COMPLAINT**

THE CITY OF NEW YORK, P.O. CHRISTOPHER    **JURY TRIAL DEMANDED**
SIGNORILE, Shield No. 8000 (Tax Id. No. 953405),
Individually and in his Official Capacity, and POLICE    **ECF CASE**
OFFICERS "JOHN DOE" #1-20, Individually and in their
Official Capacity (the name John Doe being fictitious, as
the true names are presently unknown),

                    Defendants.

------------------------------------------------------------------X

      Plaintiff KEITH ROBERTSON JR., by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.    Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff KEITH ROBERTSON JR. is an African-American male and has been at all relevant times a resident of Kings County in the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants P.O. CHRISTOPHER SIGNORILE, Shield No. 8000 (Tax Id. No. 953405) and P.O.s "JOHN DOE" #1-#20 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about June 19, 2019, at approximately 6:13 p.m. plaintiff KEITH ROBERTSON JR. was lawfully driving in the vicinity of Fingerboard Rd. and Staten Island Expressway, Staten Island, NY.

14. At the aforesaid time and place, plaintiff had not committed any traffic infractions and/or equipment violations and/or any other crimes/offenses. Nonetheless, plaintiff's vehicle was pulled over by an NYPD officer – namely, upon information and belief, defendant SIGNORILE and/or defendant POLICE OFFICERS "JOHN DOE" #1-20.

15. Immediately thereafter, defendant SIGNORILE (and/or a defendant "JOHN DOE" #1-20)[1] approached plaintiff's vehicle holding his firearm in his hands. In response, plaintiff placed both of his hands on the steering wheel where defendant SIGNORILE could see them.

16. Thereafter, defendant SIGNORILE indicated to plaintiff that he should roll down his window. In response, plaintiff asked defendant SIGNORILE if he could remove his hand from the steering wheel to comply with this directive and further requested to know why he was being stopped.

17. However, defendant SIGNORILE did not respond to plaintiff's questions and instead, upon information and belief, called for back up. At no time during this interaction did defendant SIGNORILE request that plaintiff provide him with any identification.

---

[1] To the extent these actions were undertaken by another NYPD officer, "a defendant "JOHN DOE" #1-20" should be substituted for defendant SIGNORILE, *passim*.

- 3 -

18. Subsequently, approximately between ten (10) and twenty (20) police officers – defendants "JOHN DOE" #1-20 – arrived on the scene. Thereafter, a different officer, who was not defendant SIGNORILE – approached plaintiff's vehicle and at this time, plaintiff again requested to know why he was being stopped. In response to plaintiff's question, this officer went to speak with the first officer who plaintiff encountered, upon information and belief, defendant SIGNORILE, while plaintiff waited patiently in his vehicle.

19. Approximately ten (10) minutes later, this second officer returned to plaintiff's vehicle and informed him that he was being stopped for *inter alia*, speeding. At no time during any of these interactions did any officers request that plaintiff provide them with identification.

20. Immediately thereafter, multiple officers – defendants "JOHN DOE" #1-20 – surrounded plaintiff's vehicle and directed him to exit same. Plaintiff complied and exited the vehicle and upon doing so, was immediately placed under arrest by said officers who handcuffed his arms tightly behind his back, searched his person and effects, and then placed him into a police vehicle. No contraband was found on plaintiff's person or effects as a result of this search.

21. Thereafter, plaintiff was transported to a nearby police precinct where he was detained in a holding cell for several hours, photographed, fingerprinted, and charged with Reckless Driving and Obstructing Governmental Administration.

22. At no time on June 19, 2019, did the plaintiff drive recklessly, obstruct government administration, commit any traffic infractions and/or equipment violations, commit any crimes and/or offenses, nor did he behave unlawfully in any way.

23. At no time on June 19, 2019, did defendants SIGNORILE and/or "JOHN DOE" #1-20, possess reasonable suspicion and/or probable cause to arrest plaintiff.

24. At no time on June 19, 2019, did defendants SIGNORILE and/or "JOHN DOE" #1-20 possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

25. Thereafter, defendants – upon information and belief, SIGNORILE and/or "JOHN DOE" #1-20 – confined plaintiff in a holding cell without his consent at a police precinct for several hours before he was transported to a second precinct and further detained.

26. Subsequently, plaintiff was transported to Central Booking where he was searched again and further detained in a holding cell until he was released following criminal court arraignment.

27. In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Richmond County District Attorney's Office – namely, defendants SIGNORILE and/or "JOHN DOE" #1-20 – falsely informed prosecutors that plaintiff drove a vehicle in a manner which unreasonably interfered with the proper use of the public highway and unreasonably endangered users of a public highway in that defendant SIGNORILE observed the plaintiff seated in the driver's seat of a 2017 Smart Car driving said car on the above-mentioned location, the Staten Island Expressway and that defendant SIGNORILE observed plaintiff traveling at approximately seventy-four (74) miles per hour in a fifty (50) mile per hour zone and when defendant SIGNORILE attempted to pull over plaintiff's vehicle by using lights and sirens, plaintiff accelerated said vehicle and swerved in and out of multiple lanes of traffic. Defendant SIGNORILE further falsely stated that once plaintiff's vehicle was stopped, plaintiff refused to provide defendant SIGNORILE with his driver's license.

28. As a result of his unlawful arrest, plaintiff spent approximately nineteen (19) hours in custody before being released following criminal court arraignment when all charges against him were adjourned in contemplation of dismissal on or about June 20, 2019.

29. In addition, as a result of this unlawful arrest, plaintiff had property confiscated from him that, as of the date of this filing, has not been returned, and was caused to suffer economic damages.

30. Further, as a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants SIGNORILE and/or "JOHN DOE" #1-20, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a result of the aforesaid conduct by defendants SIGNORILE and/or "JOHN DOE" #1-20, plaintiff was subjected to an illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

40. As a result of the foregoing, plaintiff's liberty was restricted for an extended period, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

42. Defendants – SIGNORILE and/or "JOHN DOE" #1-20 – created false evidence against the plaintiff.

43. Defendants – SIGNORILE and/or "JOHN DOE" #1-20 – forwarded false evidence and false information to prosecutors in the Richmond County District Attorney's Office – namely, the defendants SIGNORILE and/or "JOHN DOE" #1-20 – falsely informed prosecutors that plaintiff drove a vehicle in a manner which unreasonably interfered with the proper use of the public highway and unreasonably endangered users of a public highway in that defendant SIGNORILE observed the plaintiff seated in the driver's seat of a 2017 Smart Car driving said car on the above-mentioned location, the Staten Island Expressway and that defendant SIGNORILE observed plaintiff traveling at approximately seventy-four (74) miles per hour in a fifty (50) mile per hour zone and when defendant SIGNORILE attempted to pull over plaintiff's vehicle by using lights and sirens, plaintiff accelerated said vehicle and swerved in and out of multiple lanes of traffic. Defendant SIGNORILE further falsely stated that once plaintiff's vehicle was stopped, plaintiff refused to provide defendant SIGNORILE with his driver's license.

44. Defendants – SIGNORILE and/or "JOHN DOE" #1-20 – misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

45. In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants –

SIGNORILE and/or "JOHN DOE" #1-20 – violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

47. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

48. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and,

   b. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and,

   c. fabricating evidence in connection with their arrest/prosecution in order to cover up police misconduct; and,

   d. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing and regardless of probable cause, for the purpose of obtaining overtime compensation; and,

   e. failing to take reasonable steps to control and/or discipline police officers who lie, fabricate evidence, and/or commit perjury in order to cover up police misconduct and/or inflate arrest statistics.

49. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

50. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

54. The acts complained of deprived the plaintiff of his right:

  a. Not to be deprived of liberty without due process of law;

  b. To be free from seizure and arrest not based upon probable cause;

  c. Not to have summary punishment imposed upon him; and

  d. To receive equal protection under the law.

## PENDANT STATE CLAIMS

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

56. On or about August 7, 2019, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

57. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on or about November 7, 2019.

59. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

60. Plaintiff has and/or will comply with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

**FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**FALSE ARREST/IMPRISONMENT**

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

63. Defendants SIGNORILE and/or "JOHN DOE" #1-20 arrested plaintiff in the absence of probable cause and without a warrant.

64. As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period, he was put in fear for his safety, he suffered economic damages, and was humiliated and subjected to handcuffing and other physical restraints.

65. Plaintiff was conscious of said confinement and did not consent to the same.

66. The confinement of plaintiff was without probable cause and was not otherwise privileged.

67. As a result of the aforesaid conduct by defendants SIGNORILE and/or "JOHN DOE" #1-20, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

68. As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

70. Defendants SIGNORILE and/or "JOHN DOE" #1-20 aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

71. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

73. Defendants SIGNORILE and/or "JOHN DOE" #1-20 touched plaintiff in a harmful and offensive manner.

74. Defendants SIGNORILE and/or "JOHN DOE" #1-20 did so without privilege or consent from plaintiff.

75. Further, as a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

77. The aforementioned conduct of defendants SIGNORILE and/or "JOHN DOE" #1-20, was extreme and outrageous and exceeded all reasonable bounds of decency.

78. The aforementioned conduct was committed by defendants SIGNORILE and/or "JOHN DOE" #1-20 while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

79. The aforementioned conduct was committed by defendants SIGNORILE and/or "JOHN DOE" #1-20 while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

80. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

81. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

83. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

84. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

85. Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain, and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

86. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

  i. an order awarding compensatory damages in an amount to be determined at trial;

  ii. an order awarding punitive damages in an amount to be determined at trial;

  iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

  iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs, and disbursements of this action.

Dated: New York, New York
       May 21, 2020

- 15 -

BY:  _____/S_____
ILYSSA FUCHS
JOSHUA FITCH
GERALD COHEN
COHEN & FITCH LLP
*Attorneys for Plaintiff*
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 374-9115
ifuchs@cohenfitch.com
jfitch@cohenfitch.com
gcohen@cohenfitch.com